## CONSUMERS' BREWING COMPANY *v.* TOBIN.

AFFIDAVITS OF DEFENSE; PROMISSORY NOTES; FRAUD.

An affidavit of defense in an action for a balance due on a promissory note is insufficient which in substance charges the plaintiff, a brewing company, through its president, with having obtained the note from the defendant by falsely and fraudulently representing to him that the saloon wherein the fixtures for which the note was given as the purchase price, was a good business stand, such representation amounting to nothing more than an expression of opinion, which will not constitute a fraud, in the absence of anything to show the existence of fiduciary relations between the parties.

No. 1153. Submitted January 10, 1902. Decided March 4, 1902.

HEARING on an appeal (specially allowed) by the plaintiff from an order of the Supreme Court of the District of Co-

lumbia, denying a motion for judgment for want of a suffi-
cient affidavit of defense in an action on a promissory note.

*Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Lorenzo A. Bailey* for the appellant.

*Mr. Ellis Hughes* for the appellee:

1. Whether an expression is one of opinion or of facts is a
question for a jury — a matter of fact, especially where there
is any doubt about it. *Stubbs* v. *Johnson,* 127 Mass. 219;
*Moon* v. *McKenstry,* 107 Mich. 668; *Simar* v. *Canaday,* 53
N. Y. 298; *Warner* v. *Benjamin,* 89 Wis. 290; *Morse* v.
*Shaw,* 124 Mass. 59; *Teague* v. *Irwin,* 127 Mass. 217; *Foster*
v. *Kennedy,* 38 Ala. 359.

2. Fraud nearly always involves questions of fact and all
cases must be considered on their own facts. *Reynolds* v.
*Reynolds,* 3 Allen (Mass.), 606.

3. When statements are made positively as of his own
knowledge, by one who is in a position to know the truth and
are relied upon by the person to whom they are made, they
are not to be treated as mere expressions of opinion. Am. &
Eng. Encyc. (2d ed.), Vol. 14, p. 44, and numerous cases
there cited.

4. It is well settled that where one induces another to ex-
tend credit to a third party, the party misrepresenting the sol-
vency is liable in damages. By analogy the same principle
should apply where one falsely states the profits derivable
from a business.

5. Whether under all the facts the appellee was entitled to
rely upon the representations of the appellant is a question
for a jury. Every case must be decided upon its own facts.
For cases holding that where false representations are posi-
tively made intended to be relied upon and to deceive, the
deceived party is not bound to investigate. Am. & Eng. Ency.
(2d ed.), Vol. 14, p. 122; Kerr on Fraud, pp. 80, 81.

6. Whether proper steps, within proper time, were taken, is matter of fact, suggested by counsel. The affidavit makes no mention of what prior steps appellee took, and any argument upon that point is out of place in the absence of the facts. When appellee complained of his bargain or offered to rescind and whether after the lapse of a reasonable time, are both questions of fact, and at best, of rebuttal improper to be discussed at this stage. However, the defendant can still avail himself of his defense. *Dayton* v. *Monroe,* 47 Mich. 193.

That buyer even though he do not rescind can take advantage of fraud as a defense by recoupment. Benjamin on Sales, Sec. 452, note and cases cited; 1 Comst. 305; *Peck* v. *Brewer,* 48 Ill. 54; *Irving* v. *Thomas,* 18 Me. (6 Shep.) 418. This action is upon a promissory note for the full amount of that note. The defendant sets up that his signature to that note was obtained by fraud. Therefore, the defense is to the whole note. Whether upon the common counts something might not be removed is a question outside of our present inquiry.

7. For cases establishing doctrine that defendant is to be accorded his trial by jury unless clearly not entitled thereto; that his affidavit will be liberally construed; that the court need only be convinced of the good faith of the defendant and the sufficiency in law of the defense; that there is no presumption in favor of the plaintiff or against the defendant; that when the court and parties are protected against sham, fictitious and dilatory defense, the object of the rule is attained; that obscurity, or even unreasonableness do not invalidate the affidavit, provided the uncertainty be not studied and unfairly evasive; that the rule does not operate as a trap and the courts are to keep in view the effect upon the respective parties their judgment will have; that if the facts stated, by any reasonable or fair construction, will constitute a defense to the action, the defendant is entitled to his trial by jury. *Bank* v. *Hitz,* MacA. & M. 198; *Lulley* v. *Morgan,* 21 D. C. 181; *Hodge* v. *Mason,* 21 D. C. 181; *Thornton* v. *Weser,* 20 D. C. 233; *Bailey* v. *District of Columbia,* 4 App.

D. C. 371; *Richmond* v. *Cake,* 1 App. D. C. ; *Lawrence*
v. *Hammond,* 4 App. D. C. 467; *Gleason* v. *Hoeke,* 5 App.
D. C. 1; *Strauss* v. *Hensey,* 7 App. D. C. 289; *St. Clair* v.
*Conlon,* 12 App. D. C. 161; *Garis* v. *Fish,* 133 Pa. St. 559;
Endlich on Affidavits, Sec. 364 and cases cited; *Ohio Nat.
Bank* v. *Brown,* 18 App. D. C. 598.

Mr. Justice SHEPARD delivered the opinion of the Court:

On a former appeal from an order denying the appellant's
motion for judgment under the Seventy-third Rule of the
Supreme Court of the District, the order was affirmed with-
out passing upon the sufficiency of the affidavit of defense
in respect of the point now involved, because of the plaintiff's
neglect to remit the sum of $15.75 that was claimed as a credit
in the said affidavit of defense, and the justice of which was
conceded. 18 App. D. C. 584.

Upon the return of the cause to the court from whence it
had been appealed, the appellant, who was plaintiff below,
entered a *remittitur* of the amount of the said credit, and
then renewed the motion for judgment for the remainder of
the demand.

The suit was upon a note for $1,021.44, reduced by credits
allowed to about $744.

That the plaintiff's affidavit was in substantial compliance
with Rule 73 was not denied; and the case turns wholly upon
sufficiency of the affidavit of defense, which was sustained in
the order denying the motion from which the appeal has been
allowed.

Questions arising under the Seventy-third Rule have been
so often considered and the general principles of its applica-
tion so often stated, that we find it unnecessary, as regards the
points herein involved, to do more than refer to our latest
decision, wherein those principles are, to some extent, re-
stated with citation of the supporting cases. *Brown* v. *Ohio
Nat. Bank,* 18 App. D. C. 598.

Tested by those principles, and by familiar principles
governing in actions of deceit, we are constrained to hold the

affidavit an insufficient foundation for the denial of the motion for judgment.

This affidavit, which is copied in the report of the case on the former appeal (18 App. D. C. 584), sets up, substantially, the following grounds of defense:

1. E. L. Jordan was the president of the plaintiff company, which owns the note executed to its agent, the indorser, King. 2. Plaintiff had become the owner of certain goods and saloon fixtures in the Exchange and Ballard Hotel in Alexandria, Va., under purchase at a sale made under a chattel mortgage, for the sum of $600. 3. Jordan advised and urged defendant to buy said goods and fixtures and engage in business in the same place. 4. Defendant was unacquainted with the value of the stand as a business place and with the city of Alexandria, and relied upon the representations of Jordan, *" who informed him that said place was a good business stand."* 5. Relying upon said representations, defendant purchased the property, executed the note and commenced business. 6. That said business was *unprofitable from the start,* and defendant abandoned the active management thereof and sold the stock in trade therein to one Edwin Dean, who agreed to pay affiant the sum of $5.11 monthly as rent for said goods and chattels, said sum being the amount of interest due monthly on said note." 7. Failure to pay the note resulted in a sale under the chattel mortgage given to secure it, which realized $350. 8. Defendant expended " large sums of money in attempting to conduct said business and lost a considerable sum by reason of the venture." 9. The chattels were not worth the sum paid for them, " nor was the business a profitable one, and the said Jordan well knew the same, but notwithstanding, fraudulently persuaded this affiant to execute said note." 10. That the object of said Jordan was to secure the payment of a debt due his company by the former owner of said chattels and occupant of said hotel.

When analyzed, the affidavit discloses but one direct charge of fraudulent misrepresentation of a fact claimed to have operated as a material inducement to the contract, namely:

That the place wherein the fixtures were situated and to be used, was " a good business stand." Although it charges that the goods and fixtures purchased and received were not worth the price paid, there is no allegation of any misrepresentation or fraudulent concealment in respect of their quantity, quality, condition or real value.

We are of the opinion that this representation concerning the place as a good business stand, considered by itself, or in connection with the surrounding circumstances, amounted to nothing more than an expression of an opinion which, according to the great weight of authority, does not constitute such a fraud as is necessary to support the action of deceit. *Gordon* v. *Butler,* 105 U. S. 553, 557; 14 Am. & Eng. Encyc. of Law, 34; Idem, 118, and cases cited.

From what has been said, we are not to be understood as holding that a representation in the form of an expression of opinion may not, in the light of special surrounding circumstances, or by reason of fiduciary relations between the contracting parties, be sometimes regarded as the equivalent of a direct statement of a material fact. No such circumstances or conditions are here shown, and if they existed it was incumbent upon the defendant to state them in, at least, a general way.

The defendant does not allege the misrepresentation of any facts concerning the location, surrounding buildings and population, and existing competition, or any misleading statement of the former and existing custom or profits of the business that he was about to acquire, which might enter into the expression of opinion and convert it into the fraudulent misstatement of a material fact.

On the other hand, it is to be presumed from serious omissions, as well as from some of the allegations, of the affidavit: 1. That the appellant merely owned the goods and fixtures of the saloon and was neither the owner nor lessee of the building; 2. That though " unacquainted with the value of said stand as a business place " and with the city of Alexandria, the defendant, who resided in Washington, was not unfamiliar with the saloon business, and had, and was not pre-

vented from utilizing, the opportunity to inspect the property and view the surroundings before purchasing; 3. It is expressly admitted that the appellant had acquired possession of the goods and fixtures through a mortgage sale resulting from the failure of the last occupant of the saloon.

Again, though it is a matter which would not probably affect the affidavit if otherwise sufficient, the defendant contents himself with saying that "the business was unprofitable from the start," without alleging a fact tending to show that this was due to the "business stand" alone and not to his own deficiencies. Moreover, he succeeded in reselling to another person who assumed the payment of the monthly interest on the note due appellant.

Taken as a whole, the affidavit of defense lacks that reasonable certainty and precision of statement, in matters susceptible thereof, which have, time and again, been declared essential to prevent summary judgment under the rule, where the plaintiff has put himself in position to demand its enforcement.

The judgment must be reversed with costs, and the cause remanded with direction to grant the motion for judgment.

*Reversed.*